UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————————

DAVID SMITH,

                        **Plaintiff,**

        v.                                        **3:1O-CV-1462**

CVS RX SERVICES, INC. and CVS
PHARMACY, INC.,

                        **Defendants.**

———————————————————————————

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

### I.     INTRODUCTION

Plaintiff commenced this action in New York State Supreme Court, Broome County, alleging that he was defamed by Defendants' agents in the course of his employment, and that Defendants' agents' conduct deprived him of due process and the equal protection of the law in violation of the rights secured by the constitutions of the United States and New York State.  Defendants removed the action to this Court and now seek to dismiss the action.  Plaintiff has opposed the motion.  For the reasons that follow, Defendants' motion is granted in part.

### II.    BACKGROUND

Plaintiff worked as a pharmacist for Defendants. Compl. ¶ 16.  On December 1,

2009, Shawn Jackson and Jennifer Gray, Plaintiff's District Manager and Supervisor, "informed plaintiff that he was 'guilty of theft' and 'guilty of distributing drugs without a prescription.'" Id. ¶¶ 5-6.  Plaintiff asserts that he suffered damages and loss of income as a result of Defendants' employees' "tortious conduct" taken within the scope of their employment. Id. ¶¶ 7-9.

Plaintiff also asserts that Defendants terminated his employment "based on the false allegations when the real intent was to reduce financial overhead for the defendants." Id. ¶ 19.  This conduct, Plaintiff asserts, was "in derogation of plaintiff's rights to due process of law and the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and by the Constitution of the State of New York."  Id. ¶ 20.   Plaintiff seeks compensatory and punitive damages.

## III.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts

that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d

ed. 2004)).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  A complaint

does not suffice "if it tenders naked assertions devoid of further factual enhancement."

Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations.

Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  Id. at 1949.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id.  "Where a complaint

pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line

between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S.

557) (internal quotations omitted).

　　　With this standard in the mind, the Court will address the pending motion to

dismiss.

## IV.    DISCUSSION

　　　Inasmuch as Plaintiff and Defendant CVS RX Services, Inc. are deemed residents

of New York for purposes of jurisdiction, see Compl. ¶¶ 1-2; 28 U.S.C. § 1332(c)(1),

jurisdiction in this Court is predicated upon the federal question presented in the

Complaint.  Because federal constitutional rights are not self-executing, it is presumed that

Plaintiff proceeds pursuant to 42 U.S.C. § 1983 on his federal constitutional claims.

　　　To maintain a claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish: (1) the

deprivation of any rights, privileges or immunities secured by the Constitution or federal

law, (2) by a person acting under the color of state law.  42 U.S.C. § 1983; see Flagg Bros.

v. Brooks, 436 U.S. 149, 155-57 (1978)(Under § 1983, a plaintiff must prove that a

defendant deprived him of a constitutional or federal statutory right while acting under the

color of law.).  "It is settled that conduct by a private entity constitutes state action [for

purposes of Section 1983] only when 'there is a sufficiently close nexus between the State

and the challenged action of the [private] entity so that the action of the latter may be fairly

treated as that of the State itself.'"  Tancredi v. Metro. Life Ins. Co., 378 F. 3d 220, 229 (2d

Cir. 2004)(quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)); see

Brentwood Academy v.  Tenn. Secondary Sch. Ath. Ass'n,  531 U.S. 288, 306 (2001);[1]

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)(To implicate 42 U.S.C. § 1983,

conduct must be "fairly attributable to the State." ).

　　　Plaintiff has not asserted that Defendants are state actors or offered "any factual

assertions from which it could be inferred that there was a sufficiently close nexus

between defendants and the State." Sanchez v. Thompson, 2007 WL 4574727, at * 4

(E.D.N.Y. Dec. 26,  2007).  Accordingly, all Section 1983 claims asserted in this matter are

---

[1] The Supreme Court wrote in Brentwood Academy:

> Like the state-action requirement of the Fourteenth Amendment, the state-action element of 42 U.S.C. § 1983 excludes from its coverage merely private conduct, however discriminatory or wrongful.  Careful adherence to the 'state action' requirement thus preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.  The state-action doctrine also promotes important values of federalism, avoiding the imposition of responsibility on a State for conduct it could not control. Although we have used many different tests to identify state action, they all have a common purpose. Our goal in every case is to determine whether an action can fairly be attributed to the State.

531 U.S. at 306 (internal citations and quotation marks omitted).

4

**DISMISSED**.

Having dismissed all federal question claims presented in this case, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the remaining state law claims are remanded to the New York State Supreme Court, Broome County.

**V.      CONCLUSION**

For the reasons discussed above, Defendants' motion [dkt. # 4] is **GRANTED** in part and all federal constitutional claims asserted in this matter are **DISMISSED**.  Further, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Accordingly, the remaining state law claims are **REMANDED** to the New York State Supreme Court, Broome County.  The Clerk of the Court is directed to mark the file in this matter as "closed" after the state law claims are remanded.

**IT IS SO ORDERED**

DATED:January 14, 2011

Thomas J. McAvoy
Senior, U.S. District Judge